[No. 7.    Decided March 8, 1890.]

CLINTON GOING v. CHARLES A. COOK.

PAROL CONTRACT — EVIDENCE.

In an action upon a verbal contract for commission on the sale of real estate, where plaintiff testified that the property was placed in his hands by defendant for sixty days for the purpose of sale, and defendant testified that he told plaintiff the property was in the hands of another real-estate agent for either thirty or sixty days, but that if the time had expired he was at liberty to handle it, it was error to exclude evidence that the property was in the hands of the other agent for sale at the time of the conversation between plaintiff and defendant, as such evidence would be relevant as to whether or not a contract was made as alleged. (DUNBAR, J., dissents.)

*Appeal from District Court, Pierce County.*

Action by Charles A. Cook to recover the sum of $150 as commission due him for effecting the sale for Clinton Going of a certain lot in the city of Tacoma. The lot belonged to one Goldsmith, of the city of Portland, who had directed the defendant, Going, to place the lot in the hands of Sawyer & Co., real-estate agents in Tacoma, for sale, which direction had been complied with. The alleged employment of plaintiff is found in the evidence of conversation between plaintiff and defendant, which is fully set forth in the opinion.

*Elwood Evans,* for appellant.

*A. A. Knight,* for appellee.

The opinion of the court was delivered by

ANDERS, C. J. — This action was brought by appellee, against appellant, to recover one hundred and fifty dollars, alleged to be due him as commission, for selling certain real estate in the city of Tacoma, placed in his hands for sale by appellant.

There was no written contract between the parties; but

appellee contends that he and appellant made the contract verbally, on the street, during a casual conversation there had between themselves alone.

In support of this contention, plaintiff testified as follows:

" Along about the 6th day of February I met Mr. Going on Pacific avenue, and I asked him if he had any property to sell, and he said he thought he had, and I told him if he had any I would like to sell it for him, and he said, I have a lot with a building on it on "C" street, lot 12, block 1306; and I asked him what he wanted to realize from the property? The consideration was I could put it on the market at $3,000. I said, you will pay the commissions of course. He wanted to know what the commission was, and I said five per cent., and he said that would be satisfactory; and I took a card out of my pocket and made a note of the matter, and I asked him if there was any incumbrance on the property, and he said there was a mortgage on it of one thousand dollars, and that the parties who purchased it should assume that, and that whatever interest accumulated would be a consideration, and that I should go ahead and make.the sale; and I asked him what time he would give me to make the sale, and he said 60 days' time to sell it."

The defendant, Going, testified that "some time in the early part of February, 1888, I crossed the street nearly opposite Chilberg's. I was going to the Tacoma hotel, and Mr. Cook was coming down the street and we shook hands, and, while talking about the future prospects of Tacoma, he said, 'I am going into business.' I had never known before what his business was, and he said he was in the real-estate business. It was night time, and he said, 'If you wish to buy property, or your friends, bring them around;' and he said in the course of the conversation, 'Have you any property to sell?' and I said yes, I had a piece in the hands of Sawyer, and I mentioned this property on C street of Mr. Goldsmith's. He asked me particularly about this property, and I told him it was in the hands of Sawyer and I had given him option dates to sell it in, 30 days or 60 days, and I didn't know whether it was sold or not;

15—1 WASH.

that I was told by Mr. Goldsmith to place that piece of property in Mr. Sawyer's hands. Mr. Cook said he would like to handle that property, and I told him it was then in the hands of Sawyer, and, so far as this property was concerned, if the time had expired, he was at liberty to handle it, and we went on, and I thought nothing more about it until I received a telegram from Portland that he had sold the property on C street, and when I received that telegram from Mr. Cook, I answered that it was sold.

At the trial in the district court the defendant offered to show, as matter of fact, that the property in question was in the hands of Sawyer for sale at the time of the conversation between plaintiff and defendant in regard thereto, but the court refused to permit the evidence to go to the jury, and this refusal is assigned as error.

We think the court should have permitted the defendant to show the fact. It was some evidence as to whether a contract was or was not made between the parties such as alleged by the plaintiff. The defendant's relation to the subject-matter was material to the determination of the question in dispute. The weight to be given to the evidence was a question for the jury.

Appellant also complains of the charge of the court to the jury. But we cannot see wherein he could have been prejudiced thereby.

For the error above indicated the judgment of the court below is reversed, and the cause remanded for a new trial.

HOYT, STILES and SCOTT, JJ., concur.

DUNBAR, J., dissents.